## LOOSE v. STANFORD.*

### S. F. No. 11; May 8, 1896.

#### 44 Pac. 1058.

Sale—Evidence—Appeal.—Plaintiff, While His Mare was on the ranch of defendant's decedent, entered into negotiations for its sale to decedent, through an agent authorized to sell only the mare. Subsequently, after the mare had given birth to a colt, the agent testified that he sold both to decedent, the communications between the parties being by telegraph. Plaintiff permitted decedent to retain possession of the colt for twelve years, during the first three of which the colt developed as a wonderful trotter, and, during the time, asked decedent to give him an additional sum as a gratuity, on account of his good luck in the purchase. Held, that a finding that plaintiff sold both the mare and colt to decedent would not be disturbed.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by W. A. R. Loose against Leland Stanford, which, on the death of defendant, was continued against Jane L. Stanford, his executrix. There was a judgment for defendant, and plaintiff appeals. Affirmed.

---

*Rehearing denied.

Reddy, Campbell & Metson for appellant; W. H. L. Barnes and Frank Shay for respondent.

SEARLS, C.—This action was brought December 2, 1891, against the testator, Leland Stanford, to recover possession of a trotting mare commonly known as "Hinda Rose," or for the recovery of $50,000, the value of said Hinda Rose, in case a delivery of said mare cannot be had, and $25,000 damages, etc. Defendant answered, denying the ownership of plaintiff; averred that about February, 1880, he purchased said Hinda Rose from the plaintiff, and ever since has been, and still is, the owner of, and in possession of, said mare, etc. Defendant further pleads the bar of plaintiff's cause of action under subdivision 3 of section 338 of the Code of Civil Procedure. The defendant departed this life pendente lite, and Jane L. Stanford, the executrix of his last will, was substituted as defendant. The claim of plaintiff was presented to the executrix for allowance, and was by her rejected, which matters were set up by supplemental complaint. The cause was tried by the court without the intervention of a jury, written findings filed, in favor of defendant, upon the issues of ownership and the statute of limitations, upon which findings judgment went for defendant, from which judgment and from an order denying his motion for a new trial, plaintiff appeals.

The entire question in the case turns upon the sufficiency of the evidence to sustain the findings of the court. Counsel for appellant contend that there is practically no dispute as to the facts, and that the issues involved are of law. They then proceed to demonstrate that, upon the facts as assumed by them, Leland Stanford was the bailee of a mare known as "Beautiful Bells"; that, while in his possession, this mare gave birth to the colt Hinda Rose; that plaintiff sold the mare, but not the colt, to Stanford; that as a result the animal Hinda Rose remained in possession of Stanford, as bailee, for some twelve years, when plaintiff demanded possession of her, which was refused; that this refusal operated as a conversion; and that, as the action was brought within three years next thereafter, the cause of action is not barred by the statute of limitations, and hence that plaintiff is entitled to recover. Assuming the premises of appellant's counsel to be correct, we agree fully with their conclusion. We think, however, that, while there is no substantial conflict in the evidence as to the main

probative facts, the inferences to be deduced therefrom—the ultimate facts upon which the case turns—are open to grave doubt; and while, upon the case as presented by the record, we are not impelled with mathematical certainty to the result reached by the court below, there are yet cogent reasons leading to such result. The testimony is too lengthy for recapitulation. The following summary will convey some idea of its trend. The plaintiff lived at Bodie, Mono county, and was the owner of Beautiful Bells, a brood mare. Defendant, Leland Stanford, was the owner of Palo Alto ranch, upon which he was conducting the business of stock-breeding, and rearing trotting and running horses. In March, 1879, plaintiff caused his mare Beautiful Bells to be sent to Stanford's stock farm, where she was mated with Electioneer, a stallion owned and kept by Stanford. The mare remained on the ranch until the following spring, when, on February 27th, she gave birth to a colt, the subject of the litigation in this cause. Early in the winter Stanford had seen and admired Beautiful Bells, and had authorized Harris F. Covey, his superintendent, to purchase her, if he could do so at a reasonable figure. F. W. Covey, who was at times secretary, and at others assistant superintendent of the stock farm, held a power of attorney from plaintiff authorizing him to sell Beautiful Bells to Stanford for $2,000. This was more than Stanford was willing to give, and the negotiations were broken off until the month of March or 1st of April, 1880 (after the birth of the colt), when plaintiff telegraphed accepting an offer on behalf of Stanford to pay $1,200, and remit a bill of $200 and upward, ranch fees, etc., upon the mare. The money was paid to plaintiff, and the mare and colt sold to Stanford, or, as the witness F. W. Covey says: "Under that power of attorney, I sold Beautiful Bells and her filly, and made the transfers on the books of the Palo Alto stock farm at that date. The books show placed to the credit of Leland Stanford." The negotiations for the sale were both before and after the birth of the filly, of which last fact plaintiff was advised; and Stanford understood, and has always claimed, that he purchased both the dam and colt. Thus matters rested for, say, eleven years, during which the filly, Hinda Rose, was trained as a trotter, making phenomenal speed, and in her yearling, two and three year old, form, beating the then world's record for trotters. At three years of age she broke down, and became useless as

a trotter, whereupon she was placed in stock as a breeder, but has never produced any colts. In the month of November, 1891, plaintiff called at the Palo Alto stock farm, was introduced to Senator Stanford, and stated to the latter, according to the testimony of Marvin, one of the witnesses, "that as she had turned to be such a valuable brood mare, and as he had bought her from him, he thought he could afford to give him something. He stated, 'Senator, I have no claim on you whatever, but I think you could afford to give me something.'" Several other witnesses who were present at the same conversation stated, in effect, that plaintiff claimed that, as Beautiful Bells had done so well, he thought Stanford would be willing to do something for him, etc. Hinda Rose was not mentioned in this conversation. Plaintiff was a witness in his own behalf, and only stated that he never sold, or authorized the sale of, Hinda Rose. The court below may well have reasoned something in this wise: (1) Plaintiff must have known of the renown attained by Hinda Rose, or he would not have been so deeply impressed with the success of Beautiful Bells, whose only claim to greatness, so far as appears, consisted in her being the dam of the former. (2) Knowing of the success of the colt, it is preposterous to suppose that he considered himself its owner, and yet for eleven years never mentioned the fact, or asserted his claim of ownership. (3) The claim that Beautiful Bells had done so well for Senator Stanford that plaintiff supposed the former would be willing to do something for him was not compatible with his claim of ownership, for the reason that if Hinda Rose belonged to him he was the fortunate man, and not Stanford. These and other circumstances, not very important when considered singly, but all pointing in a given direction, were, we think, when combined, sufficient to warrant the court below in finding that the negotiations which began before the birth of the colt, and were not consummated until it was in esse, culminated in the sale of both, and were so understood by the plaintiff at the time, as it certainly was by the defendant; and, as a consequence, warranted the finding of the ultimate fact of ownership in defendant, and the further finding, as a sequence thereof, that the claim of plaintiff was barred under the three years' limitation of the statute. It must be borne in mind that defendant Stanford did not himself conduct the

negotiations, and that Harris F. Covey, who acted for him, had died before the cause was tried. F. W. Covey, who held the power of attorney from the plaintiff, was not authorized thereby to sell the colt, but the final sale was the result of telegraphic communications; and, as they are lost, we can only conclude as to the result of them by the circumstances and conduct of the parties, all of which are consistent with a sale, and inconsistent with any rational theory of continued ownership in plaintiff. We therefore recommend that the judgment and order appealed from be affirmed.

We concur: Vanclief, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.